7582

### MESSERVY v. MESSERVY.

1. ALIMONY.—The rule that temporary alimony may be granted where the defendant is without estate or certain income but is able by the use of his faculties to provide reasonable maintenance for his wife, and that the absence of an estate or income cannot absolve the husband from his personal duty to exert himself to support his wife, applies in cases of permanent alimony.

2. REHEARING refused.

Before MEMMINGER, J., Charleston, February, 1909. Affirmed.

Action by Pearl C. Messervy against John E. Messervy. From Circuit judgment for plaintiff, defendant appeals.

*Messrs. Legare, Holman & Baker,* for appellant, cite: 80 S. C., 277; 1 Rich. Eq., 282; 10 Rich. Eq., 426.

*Messrs. Logan & Grace,* contra, oral argument.

The opinion in this case was filed March 9, 1910, but remittitur held up on petition for rehearing until

May 14, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. The question presented by the exceptions is whether the rule announced in the former appeal in this case, as to temporary alimony, is applicable to permanent alimony.

The principle there stated is that "temporary alimony may be granted, when the defendant is without estate or certain income, but is able, by the use of his faculties, to provide reasonable maintenance for his wife. The absence of an estate or income can not absolve the

husband from his personal duty to exert himself to support his wife."

We are unable to discover any good reason why this rule should not be applied in cases of permanent alimony.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

May 14, 1910.   PER CURIAM.   Upon due consideration of the within petition,

Ordered, That it be dismissed and the stay of remittitur revoked.